FILED
2/11/2020 8:05 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 2/11/2020 8:05 AM 2020L001707

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LETICIA RUIZ, as Independent Administrator of the Estate of PEDRO RUIZ, deceased,<br>　　　Plaintiff,<br><br>v.<br><br>CHRISTIAN GONZALEZ, THOMAS J. DART, and COUNTY OF COOK,<br>　　　Defendants. | 2020L001707<br><br>Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

Plaintiff Leticia Ruiz, as Independent Administrator of the Estate of her deceased son, Pedro Ruiz, by counsel Uche, P.C., complains of defendants Christian Gonzalez, Thomas J. Dart, and County of Cook as follows.

### NATURE OF THE CASE

1. This action against defendants is to seek redress for the vicious and violent beating death of plaintiff's decedent, Pedro Ruiz, in the Cook County Jail on February 1, 2020.

### PARTIES & JURISDICTION

2. Plaintiff Leticia Ruiz is the mother of decedent Pedro Ruiz, and is the duly appointed administrator of her deceased son's estate under Case No. 2020 P 000852 (Ill. Cir. Ct., Cook Cnty.).

3. Defendant Christian Gonzalez is an individual who resides in Cook County, Illinois.

4. Defendant Thomas J. Dart is the Sheriff of Cook County, who is responsible for administering and managing the Cook County Department of Corrections, which includes the Cook County Jail.

5. Defendant County of Cook is a governmental entity that employs the deputy sheriffs and other personnel assigned to the Cook County Jail.

FILED DATE: 2/11/2020 8:05 AM  2020L001707

6. All events mentioned herein occurred in Cook County, Illinois.

**FACTS**

7. Defendants Thomas J. Dart and County of Cook (collectively, "the County defendants") failed to protect Pedro Ruiz against a strong likelihood of attack when they housed Ruiz in a cell with defendant Christian Gonzalez.

8. Defendant Christian Gonzalez was a pretrial detainee at the Cook County Jail since June 2, 2019, when he was arrested on charges that he used an assault rifle to shoot a man, and injure another person, in 2017.

9. Defendant Christian Gonzalez was known to the County defendants to be a member of the Satan Disciples, a vicious and violent street gang.

10. Prior to February 1, 2020, the County defendants knew that defendant Christian Gonzalez was likely to commit acts of extreme violence against other inmates.

11. More specifically, on November 19, 2019, while in custody at the Cook County Jail, defendant Christian Gonzalez was among five detainees who viciously beat another inmate, in a maximum-security wing.

12. The County defendants had not only launched an investigation into the November 19, 2019, incident, but had charged defendant Christian Gonzalez with aggravated battery and attempted murder for the violent and vicious November 19, 2019, beating. In that incident, defendant Christian Gonzalez used a sock filled with soap bars as a weapon to viciously beat another inmate, causing serious injury.

13. The County defendants violated Pedro Ruiz's constitutional rights when they housed him in the same cell as defendant Christian Gonzalez given defendant Christian Gonzalez's obvious propensity for violence against other inmates, and since Pedro Ruiz was a member of an identifiable group of prisoners targeted by the Satan Disciples.

2

14. Placing defendant Christian Gonzalez in the same cell as Pedro Ruiz was willful, wanton, and reckless, and reflected a conscious indifference to Ruiz's safety. In addition, placing defendant Christian Gonzalez in the same cell as plaintiff's son was a violation of the jail's own internal procedures and policies designed to prevent inmate-on-inmate violence.

15. On information and belief, Pedro Ruiz had requested to not be placed in the same cell as defendant Christian Gonzalez.

16. The County defendants knew that there was a high likelihood that plaintiff's son would be attacked if placed in the same cell as defendant Christian Gonzalez, but did so anyway.

17. In addition to their failure to segregate defendant Christian Gonzalez, the County defendants permitted him to have access to soap and socks, which allowed him to construct the same weapon used in the November 19, 2019, incident.

18. On February 1, 2020, as a result of the County defendants' unlawful conduct, Pedro Ruiz suffered a vicious and violent beating in which he sustained fatal injuries. More specifically, defendant Christian Gonzalez beat Pedro Ruiz to death with a sock filled with soap bars, the exact same weapon he used in the November 2019 attempted murder of another inmate.

19. This attack, and the death of Pedro Ruiz, would have been avoided had the County defendants segregated defendant Christian Gonzalez. The death of Pedro Ruiz was likely as a foreseeable consequence of the County defendants' conduct in placing him in the same cell as defendant Christian Gonzalez.

20. Pedro Ruiz is survived by his mother, father, and two siblings.

### COUNT I – WRONGFUL DEATH ACT – BATTERY
(Ruiz v. Gonzalez)

21. Plaintiff Leticia Ruiz incorporates and realleges paragraphs 1-20 of this Complaint as if fully restated here.

3

22. Defendant Christian Gonzalez committed an unlawful, harmful touching to Pedro Ruiz's person when he deliberately and viciously beat him to death.

23. As a direct and proximate result of defendant Christian Gonzalez's unlawful, harmful touching to Pedro Ruiz's person, Pedro Ruiz sustained fatal injuries and died, subjecting defendant Christian Gonzalez to liability under the Wrongful Death Act, 740 ILCS 180/1, et seq., and causing pecuniary loss to Pedro Ruiz's next of kin.

WHEREFORE, plaintiff Leticia Ruiz asks for judgment against defendant Christian Gonzalez in an amount in excess of the jurisdictional limit for assignment of this case to the Law Division.

### COUNT II – SURVIVAL ACT – BATTERY
(Ruiz v. Gonzalez)

24. Plaintiff Leticia Ruiz incorporates and realleges paragraphs 21-22 of this Complaint as if fully restated here.

25. As a direct and proximate result of defendant Christian Gonzalez's unlawful, harmful touching to Pedro Ruiz's person, Pedro Ruiz sustained conscious pain and suffering prior to death, for which plaintiff seeks damages under the Survival Act, 755 ILCS 5/27-6.

WHEREFORE, plaintiff Leticia Ruiz asks for judgment against defendant Christian Gonzalez in an amount in excess of the jurisdictional limit for assignment of this case to the Law Division.

### COUNT III – WRONGUFL DEATH – WILLFUL AND WANTON MISCONDUCT
(Ruiz v. Thomas J. Dart and County of Cook)

26. Plaintiff Leticia Ruiz incorporates and realleges paragraphs 1-20 of this Complaint as if fully restated here.

27. Defendants Thomas J. Dart and County of Cook, by and through their unknown agents and employees owed a duty not to engage in willful and wanton misconduct that showed a

FILED DATE: 2/11/2020 8:05 AM 2020L001707

malicious or corrupt intent with respect to Pedro Ruiz.

28. In violation of the aforementioned duty, defendant Thomas J. Dart and County of Cook, by and through their unknown agents and employees committed one or more of the following willful and wanton acts and/or omissions:

   a. Failed to segregate defendant Christian Gonzalez after he attempted to murder another inmate, was known to have a propensity for violence, and was a member of a violent street gang;

   b. Willfully and wantonly entrusted defendant Christian Gonzalez with soap bars and socks, which the County defendants knew he would likely use to construct another deadly weapon;

   c. Otherwise engaged in willful and wanton misconduct that showed a corrupt or malicious intent.

29. As a direct and proximate result of the County defendants' willful and wanton misconduct, Pedro Ruiz sustained fatal injuries and died, subjecting the County defendants to liability under the Wrongful Death Act, 740 ILCS 180/1, et seq., and causing pecuniary loss to Pedro Ruiz's next of kin.

30. In consequence thereof, Defendants Thomas J. Dart and County of Cook are liable to Plaintiff, Leticia Ruiz, under Illinois law, pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff Leticia Ruiz asks for judgment against defendants Thomas J. Dart and County of Cook in an amount in excess of the jurisdictional limit for assignment of this case to the Law Division.

**COUNT IV – SURVIVAL ACT – WILLFUL AND WANTON MISCONDUCT**
**(Ruiz v. Thomas J. Dart and County of Cook)**

31. Plaintiff Leticia Ruiz incorporates and realleges paragraphs 26-28 of this Complaint as if fully restated here.

32. As a direct and proximate result of the County defendants' willful and wanton misconduct, Pedro Ruiz sustained conscious pain and suffering prior to death, for which plaintiff

FILED DATE: 2/11/2020 8:05 AM 2020L001707

seeks damages under the Survival Act, 755 ILCS 5/27-6.

33. In consequence thereof, Defendants Thomas J. Dart and County of Cook are liable to Plaintiff, Leticia Ruiz, under Illinois law, pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff Leticia Ruiz asks for judgment against defendants Thomas J. Dart and County of Cook in an amount in excess of the jurisdictional limit for assignment of this case to the Law Division.

### COUNT V – INDEMNIFICATION
### (Ruiz v. Cook County)

34. Plaintiff, Leticia Ruiz, incorporates and realleges each and every paragraph of this Complaint as if fully restated here;

35. Illinois empowers and directs public entities to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities;

36. Defendants Thomas J. Dart and the Unknown Cook County Correctional Officers were all employees, servants, and/ or agents of Defendant Cook County, acting within the scope of their employment, when committing all wrongful acts and misconduct described in this Complaint.

37. Defendant Cook County is consequently liable under the theory of indemnification.

38. Defendant Cook County is obligated by statute to pay any judgment entered against Defendants Thomas J. Dart and the Unknown Cook County Correctional Officers.

WHEREFORE, plaintiff Leticia Ruiz asks for judgment against defendants Thomas J. Dart, the Unknown Cook County Correctional Officers and County of Cook in an amount in excess of the jurisdictional limit for assignment of this case to the Law Division.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

By: /s/Nnanenyem E. Uche
Nnanenyem E. Uche
One of Plaintiff's Attorneys
Cook County Attorney No.: 49900

Uche, P.C.
314 N. Loomis Street,
Suite G2
Chicago, IL. 60607
Tel: 1 (312) 380-5341
Email: nenye.uche@uchelitigation.com

This 11th day of February, 2020, at Chicago, Illinois.

FILED DATE: 2/11/2020 8:05 AM 2020L001707

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LETICIA RUIZ, as Independent Administrator of the Estate of PEDRO RUIZ, deceased,<br>　　　Plaintiff,<br><br>　v.<br><br>CHRISTIAN GONZALEZ, THOMAS J. DART, and COUNTY OF COOK,<br>　　　Defendants. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## ILL. SUP. CT. R. 222(b) AFFIDAVIT

I, Nnanenyem E. Uche, hereby aver, subject to penalties provided by 735 ILCS 5/1-109, that I am one of the attorneys for plaintiff in the above cause and, as such, have knowledge of the following:

In this civil action, plaintiff seeks damages in excess of $50,000.

　　　　　　　　　　　　　　　　　　/s/Nnanenyem E. Uche
　　　　　　　　　　　　　　　　　　Nnanenyem E. Uche
　　　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys
　　　　　　　　　　　　　　　　　　Cook County Attorney No.: 49900

Uche, P.C.
314 N. Loomis Street,
Suite G2
Chicago, IL. 60607
Tel: 1 (312) 380-5341
Email: nenye.uche@uchelitigation.com