IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LETICIA RUIZ, as Independent Administrator of the Estate of PEDRO RUIZ, deceased,<br>   Plaintiff,<br><br>  v.<br><br>CHRISTIAN GONZALEZ, THOMAS J. DART, and COUNTY OF COOK,<br>   Defendants. | Case No. 20 CV 1364 |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff LETICIA RUIZ, as Independent Administrator of the Estate of Pedro Ruiz, Deceased, request that this court remand the proceedings back to state court pursuant to 28 U.S.C. § 1447 (c).

**INTRODUCTION**

Defendants' Notice of Removal is an egregious and transparent attempt at delay and forum shopping. It offers no good faith basis for federal subject matter jurisdiction. This case should be remanded to state court immediately, *sua sponte*. *See, Craig v. Ontario Corp*., 543 F.3d 872, 875 (7th Cir. 2008) (A federal district court "is under a continuing obligation to assure itself of subject-matter jurisdiction, no matter how the issue is raised").

Defendants' Notice of Removal in the present case is baseless for the following reasons:

  1.  Plaintiffs filed this action in Illinois state court asserting exclusively state-law claims under the Illinois Wrongful Death Act (740 ILCS 180/1, et seq); the Illinois Survival Act (755 ILCS 5/27-6); and the Illinois Indemnification Statute. [Doc #1, Attachment #1 at p. 3-6].

1

2.  There is no federal question since a federal question, within the context of removal, can only be delineated from a well pleaded federal complaint. In the present case, with the exception of the non-state actor, Christian Gonzalez, all counts and claims allege that the *moving* Defendants are liable through Illinois' state law doctrine of *Respondeat Superior*, a doctrine that does not exist and is inapplicable in federal §1983 common law.

The obvious lack of federal jurisdiction exposes the Defendants' motive for pursuing such a frivolous removal: delay tactics and forum shopping. Defendants have already had some success. As a result, this Court should not countenance such tactics by the Defendants. For the reasons set forth below, the Court should immediately remand this case to state court, *sua sponte*, without awaiting an opposition from Defendants, and award attorney's fees to Plaintiffs.

## BACKGROUND

Plaintiff filed a wrongful death lawsuit against Christian Gonzalez, Tom J. Dart and County of Cook (hereinafter "Cook County") alleging violations of the Illinois Wrongful Death Act and the Illinois Survival Act. [Doc #1, Attachment #1 at P. 3-6]. The Complaint stemmed from the beating death of Pedro Ruiz, an inmate at the Cook County Jail on February 1, 2020. [Doc #1, Attachment #1 at ¶ 7-19].

The deceased, Pedro Ruiz, had been placed in a cell with Christian Gonzalez, a man who had a history of viciousness towards other inmates. [Doc #1, Attachment #1 at ¶ 7-19]. Additionally, left in the same cell with both men, were the same tools of violence, a pair of socks and hardened soap, that Christian Gonzalez had used to viciously attack another inmate in at least one prior attack. *Id*. Christian Gonzalez used the same tools of violence to bludgeon and beat Pedro Ruiz to death in their shared cell. *Id.*

A lawsuit was filed in state court on February 11, 2020 and the case was assigned to Judge Daniel T. Gillespie at the Cook County Law Division, with a status date set for April 9, 2020.

The *moving* Defendants filed their Notice of Removal on February 27, 2020, prior to the state court status hearing date.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction

A defendant may remove a case to federal court only if the claim arises under federal law. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The question of whether a claim "arises under" federal law must be determined by reference to a "well-pleaded complaint." *Thompson*, 478 U.S. at 808. The United States Supreme Court has set the "well-pleaded complaint" standard to emphasize its long-standing policy that jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *Id.* at 809 n.6, *citing Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915)* ("[The] plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair* v. *Kohler Die & Specialty Co*., 228 U.S. 22, 25 (1913) ("[The] party who brings a suit is master to decide what law he will rely upon"); *See also*, *United States* v. *Mottaz*, 476 U.S. 834, 850 (1986).

Defendant's assertion that there is federal question jurisdiction under 28 U.S.C. § 1331, *see*, [Doc #1], is nonsense.

First, Plaintiff asserts claims exclusively under provisions of Illinois common law and Illinois statutory law. Specifically, Plaintiff alleged a total of five counts in her complaint. Of the five counts, counts 1 through 4 allege claims under the Illinois Wrongful Death Act (740 ILCS 180/1, et seq), and the Illinois Survival Act (755 ILCS 5/27-6). While, count 5 alleges a claim under the Illinois Indemnification Statute. [Doc #1, Attachment #1 at P. 3-6].

In arguing for removal, the Defendants claim that the Plaintiff's complaint is premised "upon violations of Pedro Ruiz's constitutional rights, by failing to protect him from another inmate, Christian Gonzalez." [Doc #1 at ¶ 8]. But this statement in [Doc #1 at ¶ 8] is misleading. The Defendants are attempting to rephrase the Plaintiff's complaint, since as previously stated, Plaintiff never asserts any federal claims in the entire complaint. *See again*, [Doc #1, Attachment #1 at P. 3-6]. Rather, Illinois tort law doctrines of liability such as *Willful Entrustment* and *Respondeat Superior* are referenced in each count. [Doc #1, Attachment #1 at ¶ 28; *See also*, P. 1-7].

Additionally, the Defendants' argument for removal seems to be anchored on the use of the word "constitutional rights," which they attempt to dress up as a claim in their Notice of Removal. [Doc #1 at ¶ 8]. But, the use of the phrase "constitutional rights" certainly does not rise to the level of a *well-pleaded* federal complaint. For instance, the phrase "constitutional rights" was never used in any of the claims or counts and was instead mentioned within the introductory section of the Plaintiff's complaint. *See*, [Doc #1, Attachment #1 at ¶ 13]. To be sure, the Plaintiff's reference to "constitutional rights" within the introductory section of her complaint is prefatory and superficial and has no bearing on the state law claims and the counts listed in Plaintiff's complaint.

Further, in their argument for removal, the Defendants conclude that "because the allegations arise under the United States Constitution, this court possesses original jurisdiction…" [Doc #1 at ¶ 9]. But the United States Constitution is never cited or mentioned in the entire complaint. Further, there is no reference in the Plaintiff's complaint to the Constitution of the United States or any federal statutes such as 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); all the hallmarks of a federal civil rights complaint. Instead, Defendants, at best, assume

4

that the Plaintiff's mention of "constitutional rights" was made in reference to the United States Constitution. But the State of Illinois also has a constitution and all the claims were made under the Illinois Wrongful Death Act, Survival Act and Indemnification Statute; all of which have originating authority from the Illinois Constitution.

Additionally, Defendants, in their Notice of Removal, state, "to the extent that the complaint may be construed to additionally allege violations of Illinois law, this court possesses supplemental jurisdiction under 28 U.S.C. § 1367(a)." [Doc #1 at ¶ 10]. This statement is disingenuous. All the claims and counts in the Plaintiff's complaint are solely based on the Illinois Wrongful Death Act, the Illinois Survival Act and the Illinois Indemnification Statute. What the Defendants are really requesting, is the opposite of their statement. In fact, the Defendants are in effect asking this Court to create a new standard in conferring federal question jurisdiction. A new standard not based on the removal statute, but one wherein federal judges will spend their time construing words or phrases in order to confer federal question jurisdiction. Such a scenario was never contemplated by the removal statute and has been rejected by the entire body of federal appellate opinion, a rejection which was captured by the United States Supreme Court when that Court noted, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998), *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) and *Louisville & Nashville R. Co.* v. *Mottley,* 211 U.S. 149, 152 (1908); *see also Thompson*, 478 U.S. at 808.

The Defendants' argument that the Plaintiff's complaint raises a federal law question suffers from another fatal flaw. For example, in the Plaintiff's complaint, the only individual actor

named is Christian Gonzalez: a none state actor for the purposes of a so-called civil rights complaint. *See*, [Doc #1, Attachment #1 at P. 1-7]. The remaining Defendants listed in the Plaintiff's complaint are all non-individual actors: Thomas J. Dart in his official capacity and Cook County. There are no *Monell* claims in the Plaintiff's complaint, and Thomas J. Dart and Cook County are alleged to be liable through Illinois' doctrine of *Respondeat Superior*; a doctrine that does not exist and is inapplicable in federal §1983 common law. *See e.g.*, *Monell v. Department of Social Services,* 436 U.S. 658 (1978) (holding that *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees). *See also*, *Doe v. Sheriff of DuPage County.*, 128 F.3d 586, 588 (7th Cir. 1997) (sheriff not personally involved with an incident can only be sued in their official capacity under a *Monell* claim). Thus, if the Plaintiff's complaint is somehow to be construed to involve a federal question, there will be no proper Defendants since the only individual listed as a Defendant: Christian Gonzalez, is not alleged in the complaint to be a state actor and as a result, cannot violate the Plaintiff's constitutional rights within the context of a §1983 action.

  Finally, Defendants imply that there is a failure to state a claim under state law when they conclude that "to the extent that the complaint may be construed to additionally allege violations of Illinois law, this court possesses supplemental jurisdiction under 28 U.S.C. § 1367(a)." [Doc #1 at ¶ 10]. However, and as stated extensively, the complaint is exclusively a state-law complaint. And, if the Defendants believe that the state-law complaint is not well pled, the Defendants have every right to file a motion to dismiss for failure to state a claim in state court under 735 ILCS 5/2-615(a). But, a Notice of Removal to federal court is not the proper vehicle, since the Plaintiff did not plead any federal claims.

In conclusion, because Plaintiffs' state-law claims do not "arise under" federal law, there is no federal question jurisdiction.

## II. This Court should award attorney fees to the Plaintiff

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that, "the appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). In other words, according to the United States Supreme Court, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141.

Here, the Defendants' Notice of removal is worse than unreasonable—it is frivolous. The fact that every single claim or count in the Plaintiff's complaint stems from violations of the Illinois Wrongful Death Act, the Illinois Survival Act, and the Illinois Indemnification Statute proves the point. Moreover, the Plaintiff alleges in her complaint that the *moving* Defendants are liable based on a theory of *Respondeat Superior*; a theory that does not exist in federal §1983 common law.

Also, fees are particularly warranted because the *moving* Defendants are represented by an army of lawyers in the Cook County State's Attorneys Office. With a large pool of resources, it should have been obvious to the *moving* Defendants that a Notice of Removal is frivolous in this matter. Plaintiff's attorney is a solo practitioner and now has spent valuable time responding to what is an attempt to delay and forum shop.

7

In these circumstances, and in the absence of any unusual circumstances, an award of attorneys' fees is warranted both to shift the cost of what is an obvious delay and to deter others from engaging in such gamesmanship in the future.

## CONCLUSION

For the foregoing reasons, the Court should immediately remand this case to state court and award attorneys' fees to the Plaintiff upon an attorney fee petition by Plaintiff.

Respectfully Submitted,

/s/Nnanenyem E. Uche

Nnanenyem E. Uche
Plaintiff's Attorney
Uche, P.C.
314 N. Loomis Street,
Suite G2
Chicago, IL. 60607
Tel: 1 (312) 380-5341

## **CERTIFICATE OF SERVICE**

I, Nnanenyem E. Uche hereby certify that on April 10, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon counsel of record pursuant to the District Court's ECF system.

/s/Nnanenyem E. Uche<br>Nnanenyem E. Uche