IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LETICIA RUIZ, as Independent Administrator of the Estate of PEDRO RUIZ, deceased,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN GONZALEZ, THOMAS J. DART, and COUNTY OF COOK,<br>　　　　Defendants. | Case No.  20 CV 1364 |

**PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff LETICIA RUIZ, as Independent Administrator of the Estate of Pedro Ruiz, Deceased, and in accordance with this Court's order of March 27, 2020, presents the following Reply Brief in reply to Defendant's Response to Plaintiff's Motion to Remand:

**ARGUMENT**

This Court lacks subject-matter jurisdiction over this cause.  Plaintiff's complaint advances state law tort claims exclusively; it does not press a single federal claim.  Although the facts of this case could conceivably give rise to federal claims, the complaint does not assert any. This Court should accordingly remand, and award attorney's fees occasioned by defendants' unreasonable removal.

**I.　　REMAND IS REQUIRED BECAUSE THE COMPLAINT ASSERTS NO FEDERAL CLAIMS.**

Under the settled legal standards that govern removal, this Court should remand this case to state court.  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  "Ordinarily, a court must determine the presence or absence of a federal question by examining only the plaintiff's well-pleaded complaint."  Nelson v. Stewart, 422 F.3d

463, 466 (7th Cir. 2005). "This rule requires that a federal question appear on the face of the complaint." Id. In assessing this, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Ill. Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983). It is settled that the plaintiff is "the master of his own complaint, may avoid federal jurisdiction by pleading only state-law claims." Nelson v. Stewart, 422 F.3d at 466. Moreover, "The party seeking removal bears the burden of establishing federal jurisdiction." Betzner v. Boeing Co., 910 F.3d 1010 (7th Cir. 2018).[1]

The complaint here does not advance any federal claims, and thus does not "arise under" federal law. In accordance with Illinois' pleading rules that applied to plaintiff's complaint, each cause of action asserted therein is stated as a separate count. 735 ILCS 5/2-603(b). Count I of plaintiff's complaint asserts a wrongful death claim against Christian Gonzalez based on battery; Count II asserts a survival act claim against Gonzalez, also based on battery; Count III asserts a wrongful death claim against Thomas J. Dart and the County of Cook based on their unknown agent and employees' willful and wanton misconduct; Count IV asserts a survival claim against Dart and the County, also based on their agents' willful and wanton misconduct; and Count V asserts an indemnification claim against Cook County. [Doc #1-1 at pp.3-6]. The complaint

---

[1] To be sure, there are exceptions to the well pleaded complaint rule, but they are wholly inapplicable here. For instance, a state-law claim is removable where a federal statute completely preempts the field. See, e.g., Bastien v. AT&T Wireless Svcs., Inc., 205 F.3d 983 (7th Cir. 2000). Not even defendants claim that federal constitutional rights preempt Illinois' substantive law of torts. A state cause of action is also removable where its resolution turns on a "contested and substantial federal question" and "federal jurisdiction is consistent with congressional judgment about the sound division of state and federal courts…." Grable & Sons Metal Prods., Inc. v. Darue Eng. & Mfg., 545 U.S. 308 (2005). But Illinois' substantive law of torts does not incorporate the federal constitution, and the state-law torts asserted here do not hinge on resolution of any substantive federal question.

does not reference, much less invoke or rely on, federal law. It is devoid of any references to the Eight Amendment or Fourteenth Amendments to the United States Constitution, any other provision of the federal constitution, or the Civil Rights Act, 42 U.S.C. § 1983. Indeed, Counts III and IV, which are directed against the removing defendants, are expressly predicated on the doctrine of respondeat superior, which is no basis for municipal liability under 42 U.S.C. § 1983. Moreover, the duty alleged to have been violated by the defendants is not one imposed by the federal constitution; instead, plaintiff alleges that the removing defendants breached a common-law duty under Illinois law not to engage in willful and wanton conduct, meaning aggravated negligence.[2] In sum, none of the counts arise under federal law. That should be the end of the matter.

Defendants' counterarguments are unavailing. To start, defendants insist that plaintiff's complaint asserts "federal constitutional claims against the County Defendants cloaked [sic] in her state law complaint." Resp. at p.3. That makes no sense. If claims are "cloaked" or "hidden," then they have not been properly pled, cf. 735 ILCS 5/2-603(b) (requiring the pleader to identify each cause of action in a separate count), and do not "appear on the face of the complaint" besides. Nelson v. Stewart, 422 F.3d 463, 466 (7th Cir. 2005). Defendants next emphasize that a pleader in federal court need not identify the legal theory underpinning the pleader's claim. Resp. p.4; see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-

---

[2] Defendants think there is no duty not to engage in willful and wanton conduct under Illinois law. Resp. p.9. That reveals a profound misunderstanding of Illinois law. Illinois recognizes discrete intentional torts, such as battery, and a general tort of negligence. Willful and wanton conduct is not a separate and independent tort, but is regarded as an aggravated form of negligence. Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs., 2012 IL 112479, ¶ 19. There is nonetheless a duty to refrain from willful and wanton conduct, see, e.g., id., and pleading it is necessary to overcome the immunity for public employees who are enforcing or executing the law, 745 ILCS 10/2-202.

3

93 (7th Cir. 1992). That ignores both that the complaint here was filed in Illinois state court, where a pleader is required to identify the cause of action asserted, 735 ILCS 5/2-603(b), and that the well-pleaded complaint rule requires that the federal question must be apparent on the face of the complaint. Here, as we explain, plaintiff's complaint advances exclusively state-law claims based on battery (for Gonzalez) and willful and wanton conduct based on respondeat superior (for the County defendants). Defendants also observe that claims under the Wrongful Death Act or Survival Act still require some underlying tortious conduct. Resp. pp. 4-5. That is correct, but beside the point. The underlying torts alleged here are battery (as to Gonzalez) and willful and wanton conduct (as to the removing defendants), neither of which has a federal constitutional dimension.

Defendants then try to rewrite plaintiff's complaint to assert federal claims. Resp. 5-8 (purporting to identify a federal "failure to protect" and a federal Monell claim). But the complaint does not contain those federal claims, as defendants themselves tacitly concede. Resp. 10 (characterizing plaintiff's claims as being "consistent with frequently litigated Eight and Fourteenth Amendment Rights claims…") (emphasis added). The complaint asserts only state-law willful and wanton conduct claims against the County defendants. See, e.g., Dezort v. Hinsdale, 342 N.E.2d. 468, 473 (Ill. App. Ct. 2d Dist. 1976) (recognizing that jailers have a duty under Illinois common law "to exercise ordinary and reasonable care for the preservation of their prisoner's health and life..."). To be sure, the same facts could give rise to a federal failure-to-protect claim. But that alone does not a federal claim make. An officer who shoots and kills a citizen without legal justification is liable under Illinois' substantive law of torts, see, e.g., Davis v. City of Chicago, 2014 IL App (1st) 122427, regardless whether the same conduct could also give rise to a federal constitutional claim under the Fourth or Fourteenth Amendment of the

4

United States Constitution. Moreover, as noted in plaintiff's motion to remand, the complaint here does not even identify a defendant who would be liable under the Eighth or Fourteenth Amendments of the United States Constitution for failing to protect plaintiff's decedent; it identifies only Sheriff Dart and the County, neither of whom would bear personal liability for a constitutional deprivation. Defendants' purported discovery of a <u>Monell</u> claim in this complaint, Resp. pp.7-8, is even more farfetched. The complaint does not identify any County policy, maintained with deliberate indifference to the federal constitutional rights of others, that was a moving force behind any federal constitutional violation. This Court should reject defendants' invitation to divine federal claims out of a complaint that asserts only state-law torts.[3]

## II. ATTORNEY'S FEES ARE WARRANTED BECAUSE DEFENDANTS' REMOVAL OF A COMPLAINT DEVOID OF FEDERAL CLAIMS WAS UNREASONABLE.

Defendants ask the Court not to impose fees on remand, but their own case says that fees should be awarded where, as here, clearly established law demonstrated there was no basis to remove. <u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789, 793 (7th Cir. 2007). The well-pleaded complaint rule is firmly established, and a cursory review of plaintiff's complaint shows that it advances only state-law tort claims, not any 1983 claims based on alleged violations of the United States Constitution. Removal was accordingly unreasonable under settled precedent, and an award of fees is appropriate.

## CONCLUSION

The motion to remand should be granted.

---

[3] The complaint's passing reference to "constitutional rights" does not a federal claim make, either. Crucially, none of the complaint's counts seek to redress that alleged violation. Moreover, as our initial motion noted, the complaint's reference could reasonably be read as one to the Illinois Constitution, rather than the federal constitution. Defendants label this "disingenuous," Resp. 9, but the Illinois Constitution has its own Due Process Clause, IL Const. Art. I, s.2, and the complaint does not expressly reference the federal constitution.

Respectfully Submitted,

/s/Nnanenyem E. Uche

Nnanenyem E. Uche
One of Plaintiff's Attorneys
Uche, P.C.
314 N. Loomis Street,
Suite G2
Chicago, IL. 60607
Tel: 1 (312) 380-5341